IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FLETCHER HARTWELL HYLER, aka BUD H. HYLER,<br><br>Debtor.<br>_____ / | No. C 11-02318 CRB<br><br>**ORDER DISMISSING APPEAL** |

On May 11, 2011, Debtor/Appellant Fletcher Hartwell Hyler filed what he styled as an "EMERGENCY Notice of Appeal from Bankruptcy Court." Dkt. 1. On May 12, 2011, he filed (1) an "EMERGENCY Motion to Reverse and Set Aside a May 4th Order in Bankruptcy Case" and (2) a Motion for an Ex Parte Hearing. The Court denied those motions on the ground that the reformation of the Settlement Agreement did not constitute an improper modification voiding the payment clause of the Settlement Agreement, as it was merely the correction of a scrivener's error. Order. at 2 (dkt. 14). This Order clearly denied the Emergency Motions for expedited review. Id. ("Accordingly, this Court will not hear this appeal on an expedited basis because it appears to the Court that Hyler is extremely unlikely to be successful.").

After the entry of this Order, Hyler filed what he styled as "Appellant's Reply Brief" in response to Appellee's Opposition to his earlier Motions. Dkt. 16. As the Court had already filed an Order determining his Motions, this was an improper filing not allowed by any procedural rule.

The Appellee then filed its Designation of Record on Appeal, dkt. 18, and the Clerk of Court filed a Notice of Briefing. Dkt. 19. The Notice of Briefing clearly stated: "Pursuant to Fed. R. Bankr. P. 8010 and B.L.R. 8010-1, the appellant must serve and file a brief not exceeding 25 pages in length on **8/11/11** (30 days after entry in the District Court docket)." Dkt. 19 (emphasis in original). This Notice unequivocally states that appellant must file such a brief. Id. Appellant here failed to do so, or to file any other documents in this case.

At the Case Management Conference held on December 8, 2011, the Court questioned whether Hyler intended to comply with the Notice of Briefing, and Hyler stated he did not intend to file any further documents in this case.

Failure to comply with the Briefing Rules can result in striking the brief and dismissing the appeal. N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 1997) (dismissing appeal when filed briefs failed to comply with several procedural rules); Sekiya v. Gates, 508 F.3d 1198, 1200 (9th Cir. 2007) (dismissing appeal where brief failed to provide applicable standard of review, made virtually no legal argument, and lacked table of contents, table of authorities, citations to authority and accurate citations to the record).

Here, Hyler has failed to file any Opening Appellant Brief as required by the Notice of Briefing and the Local Rules. His "Appellant's Reply Brief" cannot be interpreted as such a filing, as it was filed over a month before the filing of the Bankruptcy Record on Appeal. While the Court has a duty to interpret pro se filings liberally, Johnson v. Lucent Technologies Inc., 653 F.3d 1000, 1011 (9th Cir.2011), it cannot do so when there is no briefing at all to interpret. Thus, the appeal is DISMISSED.

**IT IS SO ORDERED.**

Dated: January 31, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

2