IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FLETCHER HARTWELL HYLER, aka BUD H. HYLER,<br><br>　　　　Debtor.<br>_____/ | No. C 11-02318 CRB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Now pending before the Court is Appellant's Motion for Reconsideration, seeking reconsideration of the Court's January 31, 2012 Order Dismissing Appeal. Appellant argues that "[t]here is such a significant disconnect between the evidence and existing documentation of this case, and the Courts decision I assume some administrative errors. So a request for reconsideration was appropriate." Mot. (dkt. 24) at 2. Appellant argues that (1) the appeal had merit, and (2) the Court should have viewed Hyler's previous emergency filings as his Opening Brief. Since the Court finds there was no "manifest failure by the Court to consider material facts or dispositive legal arguments," it DENIES the Motion for Reconsideration. See Civil Local Rule 7-9(b)(3).

First, Appellant argues he does not understand how the Court stated he did not file an Opening Brief when he filed the briefs himself. Mot. at 4. He states that at most, he "mis-labeled" the briefs. Id. The Court disagrees. Appellant clearly filed for separate "Emergency Relief" from the Bankruptcy Court decision. Dkts. 1, 10 (referring to motion for emergency, ex parte relief due to exigent circumstances). The Court denied this relief. Dkt. 14. After the entry of this Order, Hyler filed what he styled as "Appellant's Reply

1 Brief" in response to Appellee's Opposition to his earlier Motions. Dkt. 16. As the Court 2 had already filed an Order determining his Motions, this was an improper filing not allowed 3 by any procedural rule. The Court therefore, as stated in its original order, was not required 4 to accept this filing.

5 The Appellee then filed its Designation of Record on Appeal, dkt. 18, and the Clerk of 6 Court filed a Notice of Briefing. Dkt. 19. The Notice of Briefing clearly stated: "Pursuant to 7 Fed. R. Bankr. P. 8010 and B.L.R. 8010-1, the appellant must serve and file a brief not 8 exceeding 25 pages in length on **8/11/11** (30 days after entry in the District Court docket)." 9 Dkt. 19 (emphasis in original). This Notice unequivocally states that appellant must file such 10 a brief. Id. Appellant here failed to do so, or to file any other documents in this case. 11 Appellant now states that he has "no idea what additional information the Court could 12 possibly be looking for or need beyond these two documents." Mot. at 5. The Court 13 believes the Notice of Briefing is quite clear, particularly taken in conjunction with the 14 Court's prior and complete rejection of Appellant's Emergency Motion.

15 At the Case Management Conference held on December 8, 2011, the Court questioned 16 whether Hyler intended to comply with the Notice of Briefing, which required the filing of 17 an Opening Brief, and Hyler stated he did not intend to file any further documents in this 18 case.

19 Failure to comply with the Briefing Rules can result in striking the brief and 20 dismissing the appeal. N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 21 1997) (dismissing appeal when filed briefs failed to comply with several procedural rules); 22 Sekiya v. Gates, 508 F.3d 1198, 1200 (9th Cir. 2007) (dismissing appeal where brief failed to 23 provide applicable standard of review, made virtually no legal argument, and lacked table of 24 contents, table of authorities, citations to authority and accurate citations to the record). As 25 Appellant provides no material facts demonstrating why he failed to comply with the 26 Briefing Rules, the Court DENIES the Motion for Reconsideration on this ground.

27
28

2

1   Moreover, as discussed below, even if the Court granted the motion in this respect,
2 and dealt with the issue on the merits as presented only in Appellant's Emergency Motion
3 briefing, the Court would uphold the decision of the Bankruptcy Court.
4   The Court dealt with the arguments made in Appellant's Emergency Motion when it
5 denied that Motion. Dkt. 14 (finding Appellant very unlikely to succeed on the merits
6 because the contract was properly reformed to deal with the scrivener's error).  Appellant
7 now argues additionally that this cannot be the case because such a reformation requires
8 action by the Court to reform the agreement. See Mot. at 2-4.  The Bankruptcy Court here
9 stated clearly at the several hearings where Appellant raised this argument that it read the
10 contract to have been ambiguous, and thus, determined that the latter dates – the dates agreed
11 upon by both the parties, including Appellant – were the ones that governed, and that the
12 contract was valid and governed the transactions.  See, e.g., Transcript of April 29, 2011
13 Hearing on Debtor's Motion to Set Aside Settlement Agreement, Dkt. 18, at 3-4 (finding an
14 ambiguity in the contract and determining that the latter dates apply), 8-9 (reiterating holding
15 that contract properly read to find the latter dates apply and the contract is valid whether
16 looked as an ambiguity or an error the Court dealt with at that time).  Thus, the alleged
17 reformation was condoned by the Court.  Moreover, upon further review, it appears the
18 Bankruptcy Court also found the motion to be procedurally improper, and denied it upon that
19 ground, which has not been challenged by Appellant.  See id. at 9.  This provides an
20 independent ground to deny the merits of the appeal.

21   **IT IS SO ORDERED.**

24  Dated: April 4, 2012                             CHARLES R. BREYER
                                                     UNITED STATES DISTRICT JUDGE